### SEARS AND WIFE v. HYER AND OTHERS.

An adult husband may file a bill in Chancery for the partition of his wife's estate, although she is an infant.

He has a valid and subsisting interest of his own in the premises, and may therefore join with her in the suit.

Where lands of the wife who is an infant are sold under a decree in partition, the husband is not entitled to the proceeds, but the court will secure the fund for her use until she becomes of age and consents to his receiving the same.

An omission of the solicitor or counsel to sign an answer will not affect the validity of a decree.

[*484]  *If a mortgage is given on an undivided share of the estate pending a suit for partition, the lien of the mortgagee will be divested by a sale of the prem ises under the decree, and the purchaser will take the estate discharged from the incumbrance.

THE bill in this cause was filed to obtain partition of certain real estate in the city of New York, an undivided share of which belonged to W. S. Sears in right of his wife, who is an infant and the residue belonged to the defendants. The whole premises were subject to a mortgage executed by G. Hyer, from whom all the parties derived their title; and since the commencement of this suit Thomas R. Hyer, one of the defendants, mortgaged his share of the property to H. Rogers, who had notice of the pendency of the suit at the time he took such mortgage. The usual decree for

1829.

Sears
v.
Hyer.

the sale of the premises was made, and the master was directed out of the purchase-money to pay off the mortgage on the whole premises, and the costs of the respective parties, and to deposit with the assistant register one-third of the residue subject to the further order of the court to secure the widow's dower. He was also directed to pay to the complainants and two of the defendants, each one-fifth of the sum remaining, and to deposit the shares of T. R. Hyer and one of the other defendants with the assistant register, subject to the further order of the court.

George Lorrilard became a purchaser at the sale, and entertaining doubts as to the title, he obtained a reference to a master to take proof of the facts, and to ascertain and report whether a good and valid title could be made to the purchaser at such sale. The objections made by the petitioner were: 1. That the wife being an infant, the proceedings were unauthorized; 2. That the purchaser had a right to have the mortgage on the whole premises paid off before he took his title; 3. That he had a right to a release of the mortgage to H. Rogers; 4. That the answer of one of the defendants was not signed by either solicitor or counsel. The master decided in favor of the second and third objections, and against the others.

*J. R. Hedley*, for the petitioner, contended that infants could not bring suits in partition, the power to bring such suits being confined by the statute to adults, (*Jackson* v. *Woolsey*, 11 John. R. 455;) that the mortgage upon the whole premises ought to be paid off before the petitioner was compelled to take the title, as otherwise the premises would continue subject to the lien of the mortgage; that mortgagees and judgment creditors could not be made parties to a suit in partition, and were not bound by the judgment in such suit. (*Wotton & Wife* v. *Copeland and others*, 7 John. Ch. R. 140.)

*J. L. Mason* for the defendants:—In Chancery an infant

[*485]

may bring a suit in partition, and will be bound by the proceedings therein. (*Lord Brooke* v. *Lord and Lady Hertford*, 2 P. Wms. 518; *Gregory* v. *Molesworth*, 3 Atk. R. 626.) Even under the statute, if one of the plaintiffs is an adult, the proceedings will be sustained, although all the rest are infants. (*Jackson* v. *Woolsey*, 11 John. R. 455.) Halsey Rogers having taken his mortgage after the commencement and with notice of the suit, his title was divested by the sale. It was not necessary to file a notice of the foreclosure in the clerk's office. This is only required in cases where the filing of the bill would be constructive notice to a purchaser of real estate; cases to which the doctrine of *lis pendens* applies; and where such an interest in the subject matter is acquired pending the suit, which, if it had been acquired before the commencement of the suit, would have created a new party in interest, whom it would have been necessary to have made a party to the suit. The object of the rule of *lis pendens* is to prevent the purchase of litigated titles, and to enable the complainant to proceed in his suit without the delay of making new parties. (*Bishop of Winchester* v. *Paine*, 11 Ves. 194, 9; *Murray* v. *Ballou*, 1 John. Ch. R. 566; *Murray* v. *Lylburn*, 2 John. Ch. R. 441; *Hiern* v. *Mill*, 13 Ves. 120.) The rule does not apply to a case where the interest is such as will not make the person acquiring it a necessary party to the suit. (*Wooten and wife* v. *Copeland*, 7 John. Ch. R. 140; *Sebring* v. *Mercereau*, 1 Hopk. R. 501.) A mortgagee of an undivided share of real estate has no greater rights than the tenant in common against whom he holds his mortgage; and in case of a partition, his lien is *confined to the part allotted to such tenant in common. (*Jackson* v. *Pierce*, 10 John. R. 414.) If the mortgaged premises should be sold, the mortgagee will be remitted to the proceeds instead of the land.

[*486]

*W. S. Sears*, for the complainants.

*A. Burr*, for the assignee of H. Rogers.

THE CHANCELLOR:—There can be no doubt of the right of an adult husband to file a bill in this court for the partition of his wife's estate, although she is an infant. He has a valid and subsisting interest of his own in the premises, and may therefore join with her in the bill. In the case of *Lord Brooke* v. *Lord and Lady Hertford*, (2 Peere Wms. 508,) the sole complainant was an infant, and yet partition was decreed. The only error in the decree in this cause was in directing the purchase-money of the wife's share of the property to be paid to her husband before she was of age to consent thereto. It must be corrected so far as to have that share paid into court to be invested for her use, unless the husband gives the assistant register a bond, with two sufficient sureties, in double the amount, to account to her as the court shall direct, when she becomes of age.

The neglect to have one of the answers signed by counsel, &c., was a mere error in practice which cannot affect the validity of the decree.

The decree makes provisions for the payment by the master of the mortgage on the whole premises, out of the purchase-money when received. The petitioner had no right to suppose the money would be misapplied by the master. He purchased with knowledge of this fact on the face of the decree; and if he had any doubts as to the application of the fund, he might have gone with the master to the mortgagee, and have paid the money himself to that extent, and the master would have deducted it from the amount. This, therefore, can be no reason for his refusal to complete the purchase.

The only objection in which there is any appearance of validity is that which relates to the mortgage to H. Rogers. *By the decision of the Court of Errors in *Sebering* v. *Mersereau*, (9 Cowen, 344,) it is settled that a person holding an incumbrance on an undivided share of the premises need not be a party, and that his interest is not affected by the sale; but in that case it was also holden that the pur- [*487]

chaser takes the property subject to the incumbrance. In partition cases the rights of the parties should be ascertained as far as practicable before the decree, and the premises should be sold at the risk of the purchaser. That probably was not the case on this sale; and if there were any doubts as to the right, I might be induced to order a new sale. But as the fact that H. Rogers held a mortgage on one of the shares appeared on the face of the decree, it is to be presumed the purchaser was aware of the fact that he had taken that mortgage *pendente lite*, and that his title would be divested by the sale; or that the petitioner purchased subject to that incumbrance, and paid a price accordingly.

It now distinctly appears that this mortgage was taken *pendente lite*, with full knowledge that a suit for partition of the premises had been commenced, and the mortgagee has no different rights from those of the mortgagor. The title of both is completely divested by the sale, and the petitioner will have a perfect title to the whole premises. But for his further protection against useless litigation I shall direct that no part of the purchase-money belonging to the share of Thomas R. Hyer, or his mortgagee, be paid to either of them, or their assigns, until the purchasers under the master's sale had a valid release from all claims upon the mortgaged premises by virtue of the mortgage to H. Rogers. And none of the parties are to have costs as against each other, upon the petition of Lorrilard and the subsequent proceedings thereon.